**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 13-cv-05120 |
| v. | ) ) | Judge Andrea R. Wood |
| SANDONA CORPORATION d/b/a B & D LIQUORS, B-D LIQUOR, and BROTHERS LOUNGE, ELTON XHEMALI, TWYAN HOWARD, and CENTRELL YOUNG, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Landmark American Insurance Company ("Landmark") seeks a declaration that it has no duty to defend or indemnify its insured, a suburban Chicago bar, for claims resulting from an alleged assault on a patron by the bar's bouncer. Now before the Court is Landmark's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. No. 60.) For the reasons detailed below, the motion is granted.

### **BACKGROUND**

Centrell Young filed a complaint in the Circuit Court of Cook County, Illinois, alleging that he was in a suburban Chicago bar in October 2011 when he was beaten up by the bar's bouncer, Tywan Howard. Young's complaint asserts claims against Howard; the bar, Sandona Corporation d/b/a B & D Liquors, B-D Liquor, and Brothers Lounge (collectively, "Sandona"); and Sandona's president, Elton Xhemali (collectively with Howard and Sandona, "Defendants"). In his complaint, Young seeks to hold Sandona and Xhemali liable for his injuries under Illinois dram shop law because they were in the business of serving liquor and Howard assaulted him

after becoming intoxicated at their establishment. Young further alleges that Howard and Sandona, as Howard's employer, are liable under Illinois tort law for Howard's intentional battery against him and negligence in failing to follow the bar's policy for handling such encounters. Finally, Young alleges that Sandona was negligent in hiring Howard and failing to train him properly.

Landmark has brought the present federal court action seeking a declaratory judgment that Young's claims in state court did not trigger a duty to defend under the Commercial General Liability insurance policy (Policy No. LBA08395100) issued by Landmark to Sandona. In the motion now before the Court, Landmark seeks judgment on the pleadings (Dkt. No. 60) and Defendants have responded to that motion. When Young amended his state court complaint after initial briefing was completed here, Landmark amended its complaint here (Dkt. No. 78), but it has represented that its motion and supporting arguments apply equally to the amended complaint. Nonetheless, to ensure that all issues raised by the new pleadings were addressed, the Court granted Landmark and Defendants leave to file surreplies after the amendment. Defendants have also filed a counterclaim against Landmark, seeking a declaration that the company must defend them against Young's claims and a judgment that its refusal to defend them constitutes a breach of contract and bad faith. (Dkt. No. 88.) The Court's consideration of the present motion addresses all of the aforementioned pleadings.

## DISCUSSION

A court may grant a motion under Rule 12(c) for judgment on the pleadings "if the moving party clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law." *Nat'l Fid. Life Ins. Co. v. Karaganis,* 811 F.2d 357, 358 (7th Cir. 1987). Only matters presented in the pleadings are considered and the facts are

viewed in the light most favorable to the nonmoving party. *Id.* Furthermore, as Landmark's complaint invokes this Court's diversity jurisdiction, the Court must apply Illinois substantive law in considering its claims . *Netherlands Ins. Co. v. Phusion Projects, Inc.,* 737 F.3d 1174, 1177 (7th Cir. 2013). Under Illinois law, the interpretation of an insurance contract is a matter of law. *Ace Am. Ins. Co. v. RC2 Corp., Inc.,* 600 F.3d 763, 767 (7th Cir. 2010) (citing *Nicor, Inc. v. Associated Elec. & Gas Ins. Serv. Ltd.,* 223 Ill. 2d 407, 416, 860 N.E.2d 280, 285 (2006)).

Landmark asserts that its policy with Sandona excludes coverage for Young's claims and entitles it to a judgment that it need not defend those claims. The provision it cites excludes from the policy's coverage:

> Claims or "suits" to recover damages for "bodily injury," "property damage," "personal and advertising injury" or medical payments arising from actual or alleged "assault" and/or "battery" and claims or "suits" for false arrest, false detention or false imprisonment, where such false arrest, false detention or false imprisonment is connected to or arises in the sequence of events related to actual or alleged "assault" and/or "battery." We are under no duty to defend or indemnify an insured regardless of the degree of culpability or intent and without regard to:
>
> a. Whether the acts are alleged to be by or at the instruction or at the direction of the insured, his officers, "employees," agents or servants; or by any other person lawfully or otherwise on, at or near premises owned or occupied by the insured; or by any other person;
>
> b. The alleged failure or fault of the insured, or his officers, "employees," agents or servants, in the hiring, supervision, retention or control of any person, whether or not an officer, "employee," agent or servant of the insured;
>
> c. The alleged failure or fault of the insured, or his officers, "employees," agents or servants, to attempt to prevent, bar or halt any such conduct.

(Mot. for J. on Pleadings Ex. 1, Dkt. No. 60-1 at 19 of 92.)

In response, Defendants argue that although some of Young's claims fall within the exclusion's terms, his allegation that Howard failed to follow bar policy is a negligence claim not covered by the exclusion. Illinois law provides that if any claims in an action against an insured

3

trigger his insurer's duty to defend, the insurer must defend all of the action's claims. *Maryland Cas. Co. v. Peppers,* 64 Ill. 2d 187, 193, 355 N.E.2d 24, 28 (1976). Defendants contend that this principle applies here.

But while non-excluded claims may require the insurer to defend all claims against the insured, the Illinois Supreme Court has held that the duty to defend arises only if the allegedly non-excluded claims are independent of the excluded claims. In *Northbrook Property & Casualty Co. v. Transportation Joint Agreement,* 194 Ill.2d 96, 97-98, 741 N.E.2d 253, 254 (2000), the insured school districts were covered by a general liability policy for bodily injury and property damage. The policy excluded from its coverage claims arising out of the ownership or use of a motor vehicle. *Id.* at 98. A school bus accident prompted numerous suits against the school districts that included not only claims of negligent operation of the bus but also negligent failure to plan and inspect bus routes and to warn the driver of hazards. *Id.* at 98-99. Despite the presence of claims not based upon the negligent operation of a motor vehicle, the Illinois Supreme Court held that the insurer had no duty to defend because the claims against the districts "failed to allege that the injuries arose from events wholly independent of any negligent operation of the bus." *Id.* at 99.

The Seventh Circuit has recognized that, under *Northbrook,* a claim asserted to be beyond the scope of an exclusion provision is covered only if it is independent of an excluded claim. *Netherlands Ins. Co. v. Phusion Projects, Inc.,* 737 F.3d 1174, 1178-79 (7th Cir. 2013). It has also construed Illinois law to provide that where an excluded claim and an allegedly non-excluded claim are for the same injury, the presence of an alternative theory of relief for the latter claim is insufficient to trigger coverage. *Nautilus Ins. Co. v. 1452-4 N. Milwaukee Ave., LLC,* 562 F.3d 818, 822-23 (7th Cir. 2009).

4

As noted above, the provision at issue in this case excludes coverage for any claims for damages for bodily injury caused by assault or battery. Although Defendants assert claims under the theory that Thomas negligently failed to follow bar policy, all of Young's claims, including his negligence claims, were for bodily injury caused when Howard "punched the plaintiff and knocked him to the ground." (Defs.' Surreply Ex. A, Dkt. No. 76-1 at 6 of 15.) Thus, all of Young's claims seek recovery for an injury within the policy's exclusion and lack an allegation of independent loss that would enable them to evade the provision's impact.

Defendants cite *Continental Casualty Co. v. McDowell and Colantoni, Ltd.,* 282 Ill. App. 3d 236, 668 N.E.2d 59 (1996), for the proposition that policy coverage is triggered where an action against an insured asserts multiple contributing causes of the loss and at least one of the causes is not covered by a policy exclusion. They argue that *Continental Casualty* establishes that coverage is excluded only if the sole proximate cause of the claimed loss was excluded by the policy. But *Continental Casualty* was explicitly based upon a rejection of the argument that policy coverage was triggered only if excluded and non-excluded causes of the underlying injury were independent of each other. *Id.* at 243-44 (declining to follow *Transamerica Ins. Co. v. South,* 975 F.2d 321, 330 (7th Cir. 1992)). As noted above, the independent cause requirement rejected by the Illinois Appellate Court in *Continental Casualty* was subsequently adopted by the Illinois Supreme Court in *Northbrook.* This Court must resolve questions of state law in accordance with state supreme court precedent. *Netherlands Ins. Co.,* 737 F.3d at 1177. To the extent that *Continental Casualty* can be construed to allow coverage for allegedly non-excluded claims that are not independent of excluded claims, it is inconsistent with state supreme court authority and cannot be followed here. The Court construes Young's claims to be within the policy's assault and battery exclusion. Landmark has no duty to defend those claims.

The Court further observes that *Continental Casualty* would not support a finding of coverage even if it were considered to be controlling in the present case. Its finding of policy coverage was based not only upon the premise that an underlying claim fell outside the boundaries of an exclusion clause, but also on the conclusion that the non-excluded claim was within the policy's defined coverage. 282 Ill. App. 3d at 243-44. No such conclusion is supported by the terms of the Landmark-Sandona policy, which defines the terms of its coverage as follows:

> Section I – Coverages
>
> Coverage A Bodily Injury And Property Damage Liability
>
> 1. Insuring Agreement
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.
>
> b. This insurance applies to "bodily injury" and "property damage" only if:
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory."

(Mot. for J. on Pleadings Ex. 1, Dkt. No. 60-1 at 26 of 92.) The policy thus limits coverage to injuries caused by an "occurrence." The policy also defines that term:

> Section V – Definitions
>
> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

(*Id.* at 39 of 92.)

Nothing in Young's pleadings suggests that his injuries were caused by anything that can be construed as an "accident." Nor do Defendants make any such claim. In the absence of an "accident," the Court finds no basis for an argument that the claims at issue are covered under the policy.

6

## **CONCLUSION**

Young's complaints in the state court action allege injuries that fall within the Landmark-Sandona policy's assault and battery exclusion. The claims also fall outside of the definition of "occurrence" that defines the boundaries of the policy's coverage. Thus, the Court finds that neither complaint imposed a duty upon Landmark to defend the claims. Landmark's motion for judgment on the pleadings is granted. Judgment will also be entered in favor of Landmark on the Sandona defendants' counterclaim.

ENTERED:

Dated: March 26, 2015

_____
Andrea R. Wood
United States District Judge